## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

DAVID SEAL, ET AL.                                    CASE NO. 13-CV-475

VERSUS                                                JUDGE:  JACKSON

WILLIAMS ENERGY PARTNERS, L.P.,        MAGISTRATE:  RIEDLINGER
ET AL.

CONSOLIDATED WITH

GALEN P. MITCHELL, SR.                          CASE NO. 13-CV-493

VERSUS                                                JUDGE:  JACKSON

WILLIAMS OLEFINS, LLC                          MAGISTRATE:  RIEDLINGER

CONSOLIDATED WITH

ERIC SIMON, SR., ET AL.                          CASE NO. 13-CV-494

VERSUS                                                JUDGE:  JACKSON

WILLIAMS ENERGY PARTNERS, L.P.,        MAGISTRATE:  RIEDLINGER
ET AL.

CONSOLIDATED WITH

ABRAHAM BOSLEY                                   CASE NO. 14-CV-122

VERSUS                                                JUDGE:  JACKSON

WILLIAMS OLEFINS, L.L.C., ET AL.           MAGISTRATE:  RIEDLINGER

CONSOLIDATED WITH

JULIUS THOMPSON

VERSUS

WILLIAMS OLEFINS, L.L.C., ET AL.

CASE NO. 14-CV-162

JUDGE: JACKSON

MAGISTRATE: RIEDLINGER

## ORDER OF PRELIMINARY APPROVAL OF PROPOSED SETTLEMENT

Except as otherwise expressly provided below or as the context otherwise requires, all capitalized terms used in this Order of Preliminary Approval of Proposed Settlement shall have the meanings and/or definitions given to them in the Settlement Agreement ("Settlement Agreement") entered into by and between Class Counsel, individually and on behalf of the Class, and Williams. The Settlement Agreement is filed in these proceedings as Exhibit A to the Joint Motion for Preliminary Approval of Proposed Settlement (the "Joint Motion") signed by or on behalf of the Class and Williams.

On considering the Joint Motion for Preliminary Approval of Proposed Settlement, filed by (a) the plaintiff class, as represented by Class Counsel, and (b) Williams, for preliminary approval of the Settlement Agreement and the Settlement as fair, reasonable, and adequate, the evidence submitted to the Court by the parties in support of this motion (including the Settlement Agreement and all exhibits thereto), the record of these proceedings, the recommendation of counsel for the moving parties, and the requirements of law, including, without limitation, Rule 23 of the Federal Rules of Civil Procedure, the Court finds, upon preliminary review, that: (1) this Court has jurisdiction over the subject matter and parties to this proceeding; (2) the proposed Settlement Agreement is the result of arms-length

negotiations between the parties; (3) the proposed Settlement Agreement is not the result of collusion; (4) the settlement as proposed in the Settlement Agreement bears a probable, reasonable relationship to the claims alleged by the plaintiffs and the litigation risks of the settling parties; and (5) the settlement as proposed in the Settlement Agreement is within the range of possible judicial approval. Accordingly,

**IT IS ORDERED**:

(1)     The Settlement Agreement and all exhibits attached thereto and/or to the Joint Motion and the Settlement are preliminarily approved by the Court as being fair, reasonable, and adequate, entered into in good faith, free of collusion to the detriment of the Class, and within the range of possible judicial approval.

(2)     The form and execution of the Escrow Agreement and the nomination of Whitney Bank as the Escrow Agent are hereby approved.

(3)     The funds deposited and to be deposited into the Escrow Account are designated as a qualified settlement fund pursuant to the U.S. Int. Rev. Code § 468B (26 U.S.C. § 468B) and shall be regulated according to the regulations promulgated thereunder from the date of this order; this Court shall assume continuing jurisdiction over the Escrow Account in accordance with U.S. Int. Rev. Code § 468B (26 U.S.C. § 468B) and the regulations promulgated thereunder; and the funds in such account may be invested, disbursed, paid, and/or transferred in accordance with the provisions of the Escrow Agreement and/or the Settlement Agreement.

(4)    The appointment of Greg Murphy as special master, pursuant to Rule 53 of the Federal Rules of Civil Procedure, is hereby approved to assist the Court to: (i) review and evaluate claims of Class Members in accordance with the criteria set forth in the Settlement Agreement; (ii) establish proposed allocations for each Class Member in accordance with these criteria and evaluations; (iii) prepare a proposed plan for pro-rata distribution of the proposed allocations; (iv) submit to the Court a report on the above, along with recommendations for the Court's consideration in proceeding with the allocation and distribution process following the Effective Date; (v) engage such other professionals, including certified public accountants and appraisers, staff, deputies, and experts as reasonably necessary and conduct such hearings as may be necessary and appropriate to carry out this assignment, the Class Member disbursements, and individual allocation and distribution of class counsel fees and cost reimbursements; and (vi) perform such other acts and functions as may be necessary or appropriate to fulfill the duties and responsibilities as set forth herein (including the preparation and filing of tax forms), assist the Court in further settlement negotiations, or as the Court may direct. Further, the Special Master is hereby authorized to communicate ex parte with the Court, the parties, and their counsel as the Special Master deems appropriate; the Special Master shall be compensated in the manner set forth in the Settlement Agreement, the Escrow Agreement, or as further ordered by the Court.

(5)    Except as otherwise provided in the Settlement Agreement and/or the Escrow Agreement, the Escrow Account shall be maintained and managed at

interest under the supervision and orders of the Court.

(6)     No disbursements from the Escrow Account shall be permitted, except in accordance with the Settlement Agreement and/or the Escrow Agreement, unless and until (a) the Effective Date has occurred, or (b) the Settlement Agreement is terminated and the funds in the Escrow Account are to be returned to Williams, as provided in the Settlement Agreement and/or the Escrow Agreement.

(7)     Any contingency fee contracts dated after November 6, 2015 shall be subject to review by the Court for enforceability.

(8)     The only Class Members who will be entitled to receive money from the Class Settlement Fund shall be those Class Members who have timely and properly filed appropriately completed proof of claim forms, using the form approved by the Special Master, after consultation with Class Counsel and Williams Counsel.

(9)     The Court will approve a notice plan and the form of notices to putative Class Members after considering proposed forms of the same to be submitted by Williams Counsel, with input and participation of Class Counsel.

(10)     Contemporaneously with approval of the notice plan and the form of the notices to putative Class Members, the Court shall schedule a fairness hearing to consider comments/objections regarding the Settlement Agreement and the proposed settlement set forth therein and to consider its fairness, reasonableness, and adequacy under Rule 23 of the Federal Rules of Civil Procedure.

(11)     The commencement and/or prosecution of any and all actions and proceedings (including discovery) arising out of, related to, or connected in any way

with the Class Action and/or the Subject Matter of the Class Action by, on behalf of, or through any Class Members against any of the Released Parties (excluding those proceedings within the Class Action necessary to obtain final approval of the Settlement in accordance with the Settlement Agreement), are hereby stayed during the pendency of these settlement proceedings and until further ordered by this Court.

(12)  The stay provided herein prohibits any other action arising out of, related to, or connected in any way with the Class Action and/or the Subject Matter of the Class Action from being certified as a class action.

(13)  The Court reserves the right to approve the proposed Settlement Agreement with or without modification.

(14)  Unless otherwise expressly agreed in writing by Class Counsel, the Class, and Williams, if the Effective Date does not occur, pursuant to the terms of the Settlement Agreement, or in the event that the Settlement Agreement does not become effective as required by its terms for any other reason, this Order of Preliminary Approval of Proposed Settlement shall become null and void as regarding (a) the Released Parties, and (b) Class Counsel and the Class, and such parties shall be restored to their respective positions *status quo ante*; in such event, this Order of Preliminary Approval of Proposed Settlement shall have no force and effect regarding (aa) the Released Parties, and (bb) Class Counsel and the Class, and in all events, nothing in this Order of Preliminary Approval of Proposed Settlement shall constitute, be construed as, or be admissible as evidence of an

- 7 -

admission by any Released Party that the Class Action or any other proposed class action can be or is properly certified for trial or litigation purposes under Rule 23 of the Federal Rules of Civil Procedure or any similar statute or rule.

(15)   This   Court   shall   maintain   continuing   jurisdiction   over   these settlement proceedings to assure the effectuation thereof for the benefit of the Class, including the allocation and distribution of all available settlement funds and hearing thereon.

Baton Rouge, Louisiana, this 15th day of December, 2015.

_____
BRIAN A. JACKSON, CHIEF JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA