UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| DAVID SEAL, ET AL | CASE NO. 13-CV-475 |
| VERSUS | JUDGE: JACKSON |
| WILLIAMS ENERGY PARTNERS, L.P., ET AL | MAGISTRATE: WILDER-DOOMES |

CONSOLIDATED WITH

| | |
|---|---|
| GALEN P. MITCHELL, SR. | CASE NO. 13-CV-493 |
| VERSUS | JUDGE: JACKSON |
| WILLIAMS OLEFINS, LLC | MAGISTRATE: WILDER-DOOMES |

CONSOLIDATED WITH

| | |
|---|---|
| ERIC SIMON, SR., ET AL | CASE NO. 13-CV-494 |
| VERSUS | JUDGE: JACKSON |
| WILLIAMS ENERGY PARTNERS, L.P., ET AL | MAGISTRATE: WILDER-DOOMES |

CONSOLIDATED WITH

| | |
|---|---|
| ABRAHAM BOSLEY | CASE NO. 14-CV-122 |
| VERSUS | JUDGE: JACKSON |
| WILLIAMS OLEFINS, L.L.C., ET AL | MAGISTRATE: WILDER-DOOMES |

CONSOLIDATED WITH

| | |
|---|---|
| JULIUS THOMPSON | CASE NO. 14-CV-162 |
| VERSUS | JUDGE: JACKSON |
| WILLIAMS OLEFINS, L.L.C., ET AL | MAGISTRATE: WILDER-DOOMES |

## ORDER APPROVING NOTICE PLAN AND SCHEDULING FAIRNESS HEARING AND OTHER RELATED ORDERS

**Except as otherwise expressly provided below or as the context otherwise requires, all capitalized terms used in this Order Approving Notice Plan and Scheduling Fairness Hearing and Other Related Orders shall have the meanings and/or definitions given them in the Settlement Agreement ("Settlement Agreement") entered into by and between Class Counsel, on behalf of the Class, and Williams Olefins, L.L.C. ("Williams"), and preliminarily approved by the Court on December 15, 2015 (Doc. 68). The Settlement Agreement is filed in these proceedings as Exhibit A to the Joint Motion for Preliminary Approval of Proposed Settlement filed in these proceedings on December 9, 2015 (Doc. 64).**

Considering the Notice Plan and related notice documents submitted to the Court jointly by the Class, through Class Counsel, and Williams, through its counsel, in the Joint Motion for Adoption of Notice Plan and Notices ("Joint Motion") (Doc. 75); the record of these proceedings; the recommendation of counsel; and the requirements of the law;

**IT IS ORDERED**:

(1) The Notice Plan attached as Doc. 75-1 to the Joint Motion is approved as submitted and shall be implemented as written and according to the conditions of the Settlement Agreement.

(2) The form and content of the Summary (Publication) Notice and the Detailed Notice attached as Doc. 75-2 and Doc. 75-3, respectively, to the Notice Plan, are hereby approved, as fair and reasonable and providing all information necessary to inform putative Class Members of (i)

the pendency of the Class Action; (ii) the prior certification of the Class as Defined; (iii) the ability of putative Class Members to opt out of the Class as Defined and the manner and form in which opt outs are to take place; (iv) the Settlement Agreement and its contents; (v) their right to review the proposed settlement documents; (vi) their right to be represented by private counsel, at their own costs; (vii) their right to object to the Settlement Agreement, as proposed; (viii) the means whereby they may make their objections and be heard thereon at the fairness hearing to be held by the Court at a designated time and place; (ix) the proof of claim process; (x) the procedure by which individual allocations will be made; and (xi) the fairness hearing, and shall be disseminated as provided for in the Notice Plan -- the Summary (Publication) Notice to be used for mailing and publication purposes and the Detailed Notice to be placed on the website. Each and every term, provision, and condition of the Summary (Publication) Notice and the Detailed Notice attached as Doc. 75-2 and Doc. 75-3, respectively, to the Notice Plan are approved by the Court and adopted, incorporated, and made part of this Order Approving Notice Plan and Scheduling Fairness Hearing and Other Related Orders as if copied herein *in extenso.*

(3)     The Court finds that the form and method set forth in this order for notifying putative Class Members of the prior certification of the Class as Defined, their right to opt out, the Settlement Agreement and its contents, their right to object to the Settlement Agreement, the proof of claim process, and the fairness hearing meet the requirements of the Federal Rules of Civil Procedure and due process, constitute the best notice practicable under the circumstances, and shall constitute due, adequate, and sufficient notice to all potential members of the Class as Defined.

(4)     The Court further finds that the Summary (Publication) Notice and the Detailed Notice are written in plain English and are readily understandable by putative Class Members.

(5) A fairness hearing on the Settlement Agreement and the proposed settlement set forth therein, to consider comments/objections regarding the Settlement Agreement and the proposed settlement set forth therein, and to consider its fairness, reasonableness, and adequacy under Rule 23 of the Federal Rules of Civil Procedure shall be conducted in Courtroom 2 of the Russell B. Long Federal Building and United States Courthouse for the United States District Court for the Middle District of Louisiana, 777 Florida Street, Baton Rouge, Louisiana 70801, commencing on the 2nd day of June, 2016, at 2:00 P.M. Class Counsel and counsel for Williams should be prepared to respond to objections, if any, and to provide other information as appropriate, bearing on whether the Settlement Agreement, and all of the terms thereof as provided in the Settlement Agreement and the related documents, should be approved.

(6) Any Class Member who objects to any of the terms of the Settlement Agreement and the settlement set forth therein must mail, to the address and in the manner set forth in the Detailed Notice, a concise written statement, describing the specific reason(s) for his or her objections, which must include: (i) the name, address, and telephone number of the Class Member and, if applicable, the name, address, and telephone number of the attorney of such Class Member, (ii) a statement that the objector is a member of the Class and the basis therefor, (iii) the objection, including any supporting materials, papers, or briefs that the objector wishes the Court to consider, and (iv) the name and address of any witnesses to be presented at the fairness hearing, together with a statement as to the matters on which the witnesses will testify and a summary of the proposed testimony. This submittal must be postmarked on or before April 23, 2016. Any person filing an objection or his or her attorney, hired at the objector's own expense, may appear and speak at the fairness hearing if a notice of intent to appear is also included with his or her objection. Except for good cause shown, no person shall be heard and no paper or brief submitted by any

objector shall be received or considered by the Court unless such person has mailed, to the address and in the manner set forth in the Detailed Notice, the concise written statement of objections, together with copies of any supporting materials, papers, or briefs. Except for good cause shown, if a witness is not identified in the concise written statement of objections, such witness shall not be permitted to object or appear at the fairness hearing. Except for good cause shown, any Class Member who does not file a written objection in the time and manner described above shall be (i) deemed to have waived and forfeited any objections to the Settlement Agreement and the settlement set forth therein, (ii) forever foreclosed from raising any objection to the Settlement Agreement and the settlement set forth therein and to any final judgments that may be entered with respect thereto, and (iii) bound by all of the terms of the Settlement Agreement and the settlement set forth therein and by all proceedings, orders, and judgments by the Court with respect thereto (whether favorable or not).

(7) The proof of claim process is more fully described in the Detailed Notice attached as Doc. 75-3 to the Notice Plan. All claims must be postmarked on or before May 9, 2016. The Special Master shall review each claim and propose how much money to pay each Class Member based on the terms of the Settlement Agreement. The Special Master shall send each Class Member who timely submits a valid claim a letter to tell such Class Member the proposed amount he or she is to receive. In such letter, the Special Master will also tell the Class Member what else the Class Member may need to do in order to receive a payment and how to object if the Class Member does not like his or her proposed payment. Any timely and properly submitted objections to allocations that are not resolved by the Special Master will be considered by the Court at the time of the allocation hearing, during which the Court will decide how much money each Class Member who files a valid claim gets. Except for good cause shown, any Class Member who has filed an

objection to an individual allocation but fails to follow the instructions set forth in any written communication from the Special Master shall be (i) deemed to have waived and forfeited such objection, (ii) forever foreclosed from raising such objection, and (iii) bound by all of the terms of the original allocation and by all allocation proceedings, orders, and judgments by the Special Master and/or by the Court (whether favorable or not).

(8)   Any Class Member may opt out of the Class as Defined by filing a written request to do so in the manner set forth in the Detailed Notice. Such request to opt out must be mailed, via United States mail, postage prepaid, to the address set forth in the Detailed Notice. Any request to opt out must be postmarked by no later than the 23rd day of April, 2016. Such a timely and valid request to opt out of the Class as Defined shall preclude that Class Member from participating in the proposed settlement set forth in the Settlement Agreement, and that Class Member will be unaffected by the Settlement Agreement. Any Class Member who does submit a timely and valid written request to opt out shall not be bound by the proposed settlement set forth in the Settlement Agreement and will have no rights under the Settlement Agreement if the Settlement Agreement is finally approved by the Court and the proposed settlement set forth in the Settlement Agreement becomes final. Any Class Member who does not submit a timely and valid written request to opt out shall be bound by all subsequent proceedings, orders, and judgments in this matter (whether favorable or not), regardless of whether such Class Member is currently, or subsequently becomes, a plaintiff in any other lawsuit against any of the Released Parties asserting any of the claims that are to be settled and/or released as a result of the Settlement Agreement. A Class Member's lawyer cannot sign an exclusion request for the Class Member, and a Class Member cannot exclude a class or group of Class Members.

(9) Entry of this Order Approving Notice Plan and Scheduling Fairness Hearing and Other Related Orders is without prejudice to the rights of the Released Parties to (a) oppose any request for class certification in the Class Action and/or any other action should the Settlement Agreement be terminated, not approved, or not implemented for any reason, or (b) oppose any proposed or certified class action in this or any other forum. If the Settlement Agreement is not finally approved, is terminated, or fails to be implemented for any reason, the contents of this Order Approving Notice Plan and Scheduling Fairness Hearing and Other Related Orders shall be null and void *ab initio*, as regarding the (a) Released Parties, and (b) Class Counsel and the Class.

(10) Unless otherwise expressly agreed in writing by Class Counsel, the Class, and Williams, if the Effective Date does not occur, pursuant to the terms of the Settlement Agreement, or in the event that the Settlement Agreement does not become effective as required by its terms for any other reason, this Order Approving Notice Plan and Scheduling Fairness Hearing and Other Related Orders shall become null and void as regarding (a) the Released Parties, and (b) Class Counsel and the Class, and such parties shall be restored to their respective positions *status quo ante*; in such event, this Order Approving Notice Plan and Scheduling Fairness Hearing and Other Related Orders shall have no force and effect regarding (a) the Released Parties, and (b) Class Counsel and the Class, and in all events, nothing in this Order Approving Notice Plan and Scheduling Fairness Hearing and Other Related Orders shall constitute, be construed as, or be admissible as evidence of an admission by any Released Party that the Class Action or any other proposed class action can be or is properly certified for trial or litigation purposes under Rule 23 of the Federal Rules of Civil Procedure or any similar statute or rule.

(11) The Court reserves the right to continue the fairness hearing without further notice to the Class Members.

(12) The Court shall maintain continuing jurisdiction over these settlement proceedings to assure the effectuation thereof for the benefit of the Class, including the allocation and distribution of available settlement funds and hearing thereon.

Baton Rouge, Louisiana, this 23rd day of February, 2016.

_____
**BRIAN A. JACKSON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**