UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

DAVID SEAL, ET AL             CASE NO. 13-CV-475

VERSUS                        JUDGE:  JACKSON

WILLIAMS ENERGY PARTNERS, L.P.,     MAGISTRATE:  WILDER-DOOMES
 ET AL

CONSOLIDATED WITH

GALEN P. MITCHELL, SR.         CASE NO. 13-CV-493

VERSUS                        JUDGE:  JACKSON

WILLIAMS OLEFINS, LLC         MAGISTRATE:  WILDER-DOOMES

CONSOLIDATED WITH

ERIC SIMON, SR., ET AL          CASE NO. 13-CV-494

VERSUS                        JUDGE:  JACKSON

WILLIAMS ENERGY PARTNERS, L.P.,     MAGISTRATE:  WILDER-DOOMES
ET AL

CONSOLIDATED WITH

ABRAHAM BOSLEY              CASE NO. 14-CV-122

VERSUS                        JUDGE:  JACKSON

WILLIAMS OLEFINS, L.L.C., ET AL      MAGISTRATE:  WILDER-DOOMES

**CONSOLIDATED WITH**

| | |
|---|---|
| **JULIUS THOMPSON** | **CASE NO. 14-CV-162** |
| **VERSUS** | **JUDGE:  JACKSON** |
| **WILLIAMS OLEFINS, L.L.C., ET AL** | **MAGISTRATE:  WILDER-DOOMES** |

---

## FINAL ORDER AND JUDGMENT

---

**Except as otherwise expressly provided below or as the context otherwise requires, all capitalized terms used in this Final Order and Judgment shall have the meanings and/or definitions given them in the Settlement Agreement ("Settlement Agreement") entered into by and between Class Counsel, individually and on behalf of the Class, and Williams, and preliminarily approved by this Court on December 15, 2015 (Doc. 68). The Settlement Agreement is filed in these proceedings as Exhibit A to the Joint Motion for Preliminary Approval of Proposed Settlement filed in these proceedings on December 9, 2015 (Doc. 64).**

There came for hearing commencing on the 2nd day of June, 2016, the motion of the Class, appearing through Class Counsel, and Williams, seeking: (i) entry of a final order and judgment finally approving the terms of the Settlement Agreement and all exhibits thereto and the Settlement as fair, reasonable, and adequate in accordance with Rule 23 of the Federal Rules of Civil Procedure; (ii) dismissal with prejudice of all Released Claims; (iii) dismissal with prejudice of the Class Action and all related actions, including interventions related to claims of Class Members, consolidated with or in the Class Action, excluding only the claims of those individuals and entities who previously properly and timely opted out of the Class as Defined; (iv) a finding that the objections to the fairness, reasonableness, and adequacy of the Settlement,

if any, are without merit as to the Released Parties; (v) a finding that the notice given to Class Members and other interested persons of the proposed settlement and all related procedures and hearings complies with all requirements of the federal and state constitutions, laws, and rules, including, but not limited to, due process; (vi) a bar order precluding Class Members from prosecuting and/or filing actions arising out of, related to, or connected in any way with the Class Action and/or the Subject Matter of the Class Action against the Released Parties; and (vii) the issuance of related orders for the effectuation of the Settlement.

Having (i) reviewed the proposed Settlement Agreement between Class Counsel, the Class, and Williams and all attached exhibits thereto; (ii) afforded all parties to the action, including the Class Members, the opportunity to be heard on the terms and conditions of the proposed settlement at the fairness hearing commencing on the 2nd day of June, 2016; (iii) ordered the issuance of proper, comprehensive, and adequate notice consistent with due process of law; (iv) reviewed the record of this proceeding, including, without limitation, the previous court orders in these proceedings, including, among others, the court order certifying the Class as Defined and this Court's order granting preliminary approval to the Settlement; (v) considered all factors which pertain to the approval or disapproval of the proposed settlement of a class action, including all evidence offered at the fairness hearing; (vi) considered the representations and argument of Class Counsel and counsel for Williams; and (vii) considered the relevant law, including, without limitation, Rule 23 of the Federal Rules of Civil Procedure; and

Having further considered all of the objections presented to the fairness, reasonableness, and adequacy of the proposed settlement, if any, and concluded that these objections are not meritorious; and

Having determined and concluded that the proposed settlement is fair, reasonable, and

adequate and in the best interests of the Class, based upon all of the relevant factors, which include the following: (i) there was no fraud or collusion among the settling parties to the detriment of the Class; (ii) the probability of further complex, extensive, and costly litigation extending over a period of many years; (iii) the advanced stage of the proceedings, including extensive discovery; (iv) the probability of the Class Members' likelihood of success on the merits and benefit to the Class if the litigation should ultimately be successful to the Class; (v) the potential range of recovery; (vi) approval of the Settlement by the Class Representatives and by experienced counsel for the Class; and (vii) the lack of significant or relevant opposition to the Settlement;

      **IT IS ORDERED:**

      (1)    The Settlement Agreement, including (i) any amendments, (ii) all terms and conditions thereto, and (iii) all attached exhibits, and the Settlement are now finally approved by the Court pursuant to applicable law, including Rule 23 of the Federal Rules of Civil Procedure, as fair, reasonable, and adequate and in the best interests of the Class;

      (2)    Each and every term, provision, condition, and agreement of the Settlement Agreement, including all exhibits and amendments thereto, apply to and are adopted, incorporated, and made part of this Final Order and Judgment as if copied herein *in extenso* and shall be effective, implemented, and enforced as provided in the Settlement Agreement;

      (3)    The notice provided to all putative Class Members of the prior certification of the Class as Defined, the proposed settlement, and the fairness hearing complies with this Court's order of February 23, 2016 (Doc. 77);

      (4)    Notices given to Class Members and all other interested parties throughout this proceeding with respect to the certification of the Class as Defined, the proposed settlement, and

all related procedures and hearings, including, without limitation, the notices to putative Class Members and others more fully described in this Court's order of February 23, 2016 (Doc. 77), were reasonably calculated under all the circumstances and have been sufficient, as to form, content, and manner of dissemination, to apprise interested parties of the pendency of the action, the certification of the Class as Defined,  the Settlement Agreement and its contents, the proof of claim process, Class Members' right to be represented by private counsel, at their own costs, and Class Members' right to appear in Court to have their objections heard, and to afford Class Members an opportunity to exclude themselves from the Class as Defined and to object to the Settlement Agreement. Such notices complied with all requirements of the federal and state constitutions, including the due process clauses, and Rule 23 of the Federal Rules of Civil Procedure, and constituted the best notice practicable under the circumstances and constituted due and sufficient notice to all potential members of the Class as Defined;

(5)     The objections, if any, made to due process, constitutionality, procedures, and compliance with law, including, but not limited to, the adequacy of notice and the fairness of the proposed settlement, lack merit and are hereby overruled;

(6)     The Class Representatives and Class Counsel have fairly and adequately represented all members of the Class and protected the interests of the Class;

(7)     The Settlement Agreement was the result of extensive and intensive arms-length negotiations among highly experienced counsel, with full knowledge of the risks inherent in this litigation;

(8)     The Settlement Agreement and the Settlement are fair, reasonable, and adequate in light of the complexity, expense, and likely duration of the litigation and in light of the risks involved in establishing liability and damages, and in maintaining a class action through trial;

(9)     The Settlement Agreement was entered into in good faith, at arms length, and without collusion;

(10)     The amount of oral and written discovery and independent investigation conducted in this litigation to date and the factual record compiled suffice to enable the parties to make an informed decision as to the fairness, reasonableness, and adequacy of the proposed Settlement Agreement and the Settlement;

(11)     The certification of the Class as Defined under Rule 23 of the Federal Rules of Civil Procedure is hereby confirmed;

(12)     Upon the Effective Date, all Released Claims, Compensatory Damage Claims, Exemplary Damage Claims, and other claims of whatever nature arising out of, related to, or connected in any way with the Class Action and/or the Subject Matter of the Class Action that the Class Members asserted or could have asserted against the Released Parties are hereby dismissed, with prejudice and with each party to bear its own costs, including court costs paid through dismissal, except as provided for in Section 8.5 of the Settlement Agreement;

(13)     Upon the Effective Date, the Class Action and all other actions now existing or hereafter brought upon Released Claims by the Class or any Class Member is and are hereby dismissed, with prejudice and with each party to bear its own costs, including court costs paid through dismissal, except as provided for in Section 8.5 of the Settlement Agreement, and excluding only the claims of those individuals and entities who previously properly and timely opted out of the Class as Defined;

(14)     Upon the Effective Date, each and every Class Member (and all other persons and entities claiming by, through, or on behalf of a Class Member) are hereby finally and permanently barred and enjoined from instituting, maintaining, or prosecuting (a) any Released

Claims and (b) any action against the Released Parties with respect to the Released Claims;

(15)     Upon the Effective Date, the commencement and/or prosecution of any and all claims of the Class as a whole and the Class Members individually against the Released Parties (including, without limitation, subrogation claims derived from or through the Class or Class Members) arising out of, related to, or connected in any way with the Class Action and/or the Subject Matter of the Class Action (including, without limitation, all of the claims of the Class set forth in the Class Action and/or any other actions) are hereby permanently barred and enjoined and dismissed with prejudice;

(16)     Upon the Effective Date, as against the Released Parties, the exclusive remedy of all Class Members with respect to the Released Claims shall be claims against the Class Settlement Fund;

(17)     Upon the Effective Date, the Released Parties are hereby finally released from any and all Released Claims by, through, or on behalf of each Class Member;

(18)     Except as otherwise expressly provided in the Settlement Agreement, upon the Effective Date, each member of the Class is hereby required to defend, indemnify, and hold harmless the Released Parties from and against any and all past, present, or future claims, demands, suits, causes of action, rights of action, liabilities, liens, privileges, or judgments of any kind whatsoever regarding the Released Claims (including all expenses and costs related thereto, including reasonable attorneys' fees and costs incurred in the defense of the Released Parties), whether arising under tort, contract or otherwise,  by, on behalf of, through, or deriving solely from the claims of that member of the Class, or by, on behalf of, through, or deriving from his, her, or its heirs, executors, representatives, relatives, custodians, attorneys or former attorneys, successors, employers, insurers, employers' insurers, health insurers, worker's compensation

insurers, health care providers, Medicare, assignees, subrogees, predecessors in interest, successors in interest, beneficiaries or survivors or any other person or entity asserting a right to sue any of the Released Parties by virtue of a personal or legal relationship with that Class Member, related to or connected in any way with the Released Claims of that Class Member;

(19)    The funds deposited and to be deposited into the Escrow Account are designated as a qualified settlement fund pursuant to the U.S. Internal Rev. Code § 468B (26 U.S.C. § 468B) and shall be regulated according to the regulations promulgated thereunder; this Court shall retain continuing jurisdiction over the Escrow Account in accordance with U.S. Int. Rev. Code § 468B (26 U.S.C. § 468B) and the regulations promulgated thereunder; and the funds in such account may be invested, disbursed, paid, and/or transferred in accordance with the provisions of the Escrow Agreement and/or the Settlement Agreement;

(20)    The proceeds derived from this settlement, and all interest accrued thereon, shall be maintained in the Escrow Account, and no funds shall be transferred and/or withdrawn therefrom unless and until the occurrence of the Effective Date, or as set forth in the Escrow Agreement and/or the Settlement Agreement;

(21)    Tutorship proceedings shall not be required for minor Class Members in the following circumstances involving less than ten thousand dollars, as contemplated by La. R.S. 9:196:

(a)    if the child was born during a present marriage, the father must sign any settlement related documents on behalf of the child;

(b)    if the child was born during a marriage from which the parents are separated and/or divorced, the parent with full and sole custody must sign any settlement related documents on behalf of the child, after presenting a certified copy of the court order/judgment which granted that person full and sole custody;

(c)     if the child was born during a marriage from which the parents are separated and/or divorced, but share joint custody, both parents must sign any settlement related documents on behalf of the child;

(d)     if the child was born out of wedlock and has never been formally/legally acknowledged by the father, the mother must sign any settlement related documents on behalf of the child; and

(e)     if the child was born out of wedlock and has been formally/legally acknowledged by the father, both parents must sign any settlement related documents on behalf of the child;

(22)     The settlement funds deposited into the Escrow Account and which are designated for distribution to individual Class Members will be released to such individual Class Members only after (a) their filing of valid proof of claims pursuant to the proof of claim process developed by the Special Master after consultation with Class Counsel and Williams Counsel, (b) all known liens or subrogation claims by Medicare, worker's compensation insurers, employers, health care providers, heirs, relatives and/or custodians are resolved and paid from the claimant's share of settlement proceeds out of the Escrow Account, and (c) full compliance with the Medicare Secondary Payer Statute (42 U.S.C. 1395y) and regulations promulgated thereunder. This prohibition on release of settlement funds shall be applied individually (i.e., with respect to payments due to each individual Class Member) and not globally (i.e., to the entire Class);

(23)     The Court reserves jurisdiction over the Class Action, the Settlement Agreement, the Final Order and Judgment, the Class Settlement Fund, the Escrow Agreement, the Escrow Account, all ancillary settlement matters, Class Counsel, the Class Members, and Williams solely for the purpose of administering, supervising, construing, and enforcing the Settlement Agreement and the Final Order and Judgment and supervising the management and disbursement of the funds in the Escrow Account (without prejudice to the rights of any party to contest

personal jurisdiction for any other purpose);

(24)    The Court determines that there is no just reason for delay, and accordingly, the Final Order and Judgment is a final judgment and shall be immediately appealable;

(25)    Unless otherwise expressly agreed in writing by Class Counsel, on behalf of the Class, and Williams Counsel, if the Effective Date does not occur, pursuant to the terms of the Settlement Agreement, or in the event that the Settlement Agreement does not become effective as required by its terms for any other reason, this Final Order and Judgment shall become null and void, and (a) the Released Parties, and (b) Class Counsel and the Class shall be restored to their respective positions *status quo ante*; in such event, except as otherwise expressly provided in the Settlement Agreement, the Settlement Agreement and this Final Order and Judgment shall have no force and effect, and neither document may be used or referred to for any purpose whatsoever, and in all events, nothing in the Final Order and Judgment shall constitute, be construed as, or be admissible as evidence of an admission by any Released Party that the Class Action or any other proposed class action can be or is properly certified for trial or litigation purposes under Rule 23 of the Federal Rules of Civil Procedure or any similar statute or rule;

(26)    Neither this Final Order and Judgment nor the Settlement Agreement (nor any other document referred to herein or therein, nor any action taken to carry out this Final Order and Judgment) may be construed or used as an admission or concession by the Released Parties of the validity of any claim or any actual or potential fault, wrongdoing, or liability whatsoever. Entering into or carrying out the Settlement Agreement, and any negotiations or proceedings related to it, shall not in any event be construed as, or deemed evidence of, an admission or concession as to the denials or defenses of the Released Parties and shall not be offered or received in evidence in any action or proceeding against the Released Parties in any court,

administrative agency, or other tribunal for any purpose whatsoever, except as evidence of the settlement or to enforce the provisions of this Final Order and Judgment and the Settlement Agreement; *provided, however,* that this Final Order and Judgment and the Settlement Agreement may be filed in any action against or by the Released Parties to support a defense of *res judicata*, collateral estoppel, release, waiver, good-faith settlement, judgment bar or reduction, full faith and credit, or any other theory of claim preclusion, issue preclusion, or similar defense or counterclaim with respect to the Released Claims;

(27)    The terms of the Settlement Agreement and of this Final Order and Judgment shall be forever binding on all Class Members, as well as their heirs, executors, administrators, successors and assigns, and those terms shall have *res judicata* and other preclusive effect in all pending and future claims, lawsuits, and other proceedings maintained by or on behalf of any such persons, to the extent those claims, lawsuits, or other proceedings involve matters that were or could have been raised in this Class Action with respect to the Released Claims or are otherwise encompassed by the releases provided in the Settlement Agreement;

(28)    The Court expressly approves the releases set forth in the Settlement Agreement and makes part hereof and incorporates such releases as if fully set forth in this Final Order and Judgment;

(29)    Nothing in this Final Order and Judgment shall preclude any action to enforce the terms of the Settlement Agreement;

(30)    The parties are hereby authorized, without needing further approval from the Court, to agree to and adopt such amendments to, and extensions, modifications, and expansions of, the Settlement Agreement as are consistent with this Final Order and Judgment and do not (a)

limit the rights of the Class Members under the Settlement Agreement or (b) limit or affect the rights of third persons;

(31)    Each Class Representative is awarded the sum of $1,000.00 for services rendered in representing the Class in these proceedings, to be paid from the Escrow Account within five (5) days after the Effective Date;

(32)    As provided in Section 7.1 of the Settlement Agreement, each member of the Class who receives any money from the Class Settlement Fund shall be paid solely by check, and that check shall include the receipt and release endorsement language set forth in Section 7.2 of the Settlement Agreement, so that the endorsement and/or deposit of such check by or on behalf of the Class Member shall serve as that Class Member's acknowledgment of, and agreement to, the terms and conditions set forth in the Settlement Agreement; and

(33)    Anything contained in any previous orders of the Court to the contrary notwithstanding, hereafter, no Class Member shall be allowed to opt-out of, or exclude himself from, the Class as Defined.

Baton Rouge, Louisiana, this 3rd day of June, 2016.

_____

**BRIAN A. JACKSON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**